Stephen F. JACKSON and Betty Jackson, et al.

v.

LONE STAR PLYWOOD AND DOOR CORPORATION.

No. 2-82-184-CV.

Court of Appeals of Texas, Fort Worth.

June 1, 1983.

Cantey, Hanger, Gooch, Munn & Collins and J. Dennis Weitzel, Fort Worth, for appellants.

Leigh, Claiborne & Teitelbaum and Dan L. Claiborne, Dallas, for appellees.

Before ASHWORTH, BURDOCK and SPURLOCK, JJ.

## OPINION

BURDOCK, Justice.

This appeal arises from the trial court's ruling providing that appellee, Lone Star Plywood and Door Corporation ("Lone Star"), has a valid materialman's lien against property owned by appellants, Stephen F. Jackson and wife Betty Jackson, and for foreclosure and sale of said property.

We affirm.

Lone Star originally brought suit against Clyde W. Parker and Edna Parker d/b/a Parker Custom Homes and the Jacksons as co-defendants and current property owners for payment of a liquidated money debt and for foreclosure of a materialman's lien on certain property located at 3801 Beachview, Arlington, Texas. The Parkers defaulted at the trial court level and are not involved in this appeal.

Lone Star sold doors and related materials to Parker and delivered the materials to homes Parker was building including the home on Beachview. A demand was made by Lone Star for $5392.96 due on Parker's account. Parker paid $4537.02 which represented an amount due for materials delivered to the other homes Parker was building. The remaining portion of those materials, valued at $887.97, was supplied to the Beachview residence. On March 7, 1980, Lone Star filed an affidavit claiming a mechanic's and materialman's lien against the property on Beachview. The property was sold to the Jacksons on July 16, 1980 and Lone Star's lien was not satisfied. The Jacksons were notified of the prior filing of that lien on their property.

Jackson's first two points of error assert that the judgment was erroneous because there was no evidence or at least insufficient evidence to show that the materials delivered to 3801 Beachview were incorpo-

rated into or consumed in the construction of the residence located there.

■ The trial court made findings of fact and conclusions of law in the case. A trial court's findings of fact will not be disturbed on appeal if supported by any competent evidence unless they are against the great weight of the evidence. *Skinny's, Inc. v. Hicks Bros. Const. Co.*, 602 S.W.2d 85 (Tex.Civ.App.—Eastland 1980, no writ). In testing the trial court's findings on the complaint that there is no evidence to support them, we will consider only the evidence and inferences which support the findings, disregarding all evidence to the contrary. *Skinny's, Inc., supra.*

■ In the instant case, the trial court made findings of fact that the lien covered materials ordered by Parker Custom Homes which were delivered to 3801 Beachview, Arlington, Texas; that the materials being more specifically described as doors, door units, and related materials, were for use in the construction of a residence at said location; and that no evidence was presented that the materials purchased from Lone Star for the Beachview residence were used at another address.

Jan Richards, credit manager for the store, testified at trial on behalf of Lone Star. She stated the materials listed on an invoice introduced as evidence at trial were sold to Parker Custom Homes for incorporation in the Beachview property. She continued that the company's policy is for a salesman to meet with the builder. The merchandise is then ordered through the salesman, who subsequently turns in the order for delivery to the home site. Richards knew that the materials were delivered from her knowledge as credit manager in the ordinary course of business of Lone Star.

The rules for filing a materialman's lien require:

1. Any person or firm, lumber dealer or corporation, artisan, laborer, mechanic or subcontractor who may labor, specially fabricate material, or furnish labor or material: (a) for the construction or repair of any house, building or improvement whatever; . . . within this state under or by virtue of a contract with the owner, owners, or his or their agent, trustee, receiver, contractor, contractors, or with any subcontractor; upon complying with the provisions of this Chapter shall have a lien on such house, building, fixtures, improvements, land reclaimed from overflow, or railroad and all of its properties, and shall have a lien on the lot or lots of land necessarily connected therewith, or reclaimed thereby, to secure payment: (a) for the labor done or material furnished or both for such construction or repair; . . . .

2. b. The words "material," "furnish material," or "material furnished" as used in this Act are to be construed to mean any part or all of the following: (1) Material, machinery, fixtures or tools incorporated in the work, or consumed in the direct prosecution of the work, *or ordered and delivered for such incorporation or such consumption.* (Emphasis supplied.) Tex.Rev.Civ.Stat.Ann. art. 5452.

We find the evidence sufficient to show the materials were ordered and delivered for incorporation or consumption in the home. Jackson's first and second points of error are overruled.

The judgment of the trial court is affirmed.